IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
DELTA DIVISION

UNITED SECURITY HEALTH AND CASUALTY                    PLAINTIFF
INSURANCE COMPANY

v.                                    No.2:23cv-35-BSM

DEONTA MILLER, LECEEDRIC HUNTER, TERESA HAWKINS,          DEFENDANTS
As Administratrix for the ESTATE of JEREMY TILSON, Deceased,
DELANE DEVON BEDFORD, CARLTON OTEY, and TEKILLIA HAMMOND

## MOTION FOR DEFAULT JUDGMENT AGAINST ALL DEFENDANTS

COMES NOW the Plaintiff United Security Health and Casualty Insurance Company

("United Security"), by and through its attorneys, Matthews, Sanders & Sayes, P.A., and for its

Motion for Default Judgment against all Defendants, states:

1.      This declaratory judgment action arises out of an automobile liability insurance

policy issued by the Plaintiff to Separate Defendant Tekillia Hammond.[1]

2.      Plaintiff filed its Complaint for declaratory judgment on February 15, 2023 [Doc.

1], seeking a determination that there is no coverage under the policy for any current or future

claims[2] for damages arising out of the September 18, 2020, motor vehicle accident involving the

Defendants, and that there is no duty to defend such claims in any current or future lawsuits arising

from the aforementioned motor vehicle accident.

---

[1] See Exhibit A, attached hereto and incorporated by reference.

[2] On the day the statute of limitations was to expire, Defendants Bedford and Hawkins filed a separate lawsuit arising out of the accident at issue claiming personal injuries, wrongful death, in addition to compensatory and punitive damages due to Otey's criminal conduct in attempting to evade law enforcement. See Exhibit B, attached hereto and incorporated by reference.

3.      This court has jurisdiction because the parties are completely diverse and the amount in controversy exceeds $75,000.00, which includes the reasonable expenses incurred by the Plaintiff in defending the underlying claims and causes of action.

4.      On February 17, 2023, Separate Defendant Carlton Otey was served with Summons, Complaint for Declaratory Judgment, and Notice, Consent, and Reference of a Civil Action to A Magistrate Judge via U.S. Certified Mail Return Receipt. *See* Doc. 4.

5.      That Otey failed to plead or otherwise defend the Complaint in any respect.

6.      On February 22, 2023, Separate Defendant Deonta Miller was served with Summons, Complaint for Declaratory Judgment, and Notice, Consent, and Reference of a Civil Action to A Magistrate Judge via U.S. Certified Mail Return Receipt. *See* Doc. 5.

7.      That Miller failed to plead or otherwise defend the Complaint in any respect.

8.      On March 12, 2023, Separate Defendant Teresa Hawkins, As Administratrix for the Estate of Jeremy Tilson, Deceased, was served with Summons, Complaint for Declaratory Judgment, and Notice, Consent, and Reference of a Civil Action to A Magistrate Judge via process server. *See* Doc. 6.

9.      That Hawkins failed to plead or otherwise defend the Complaint in any respect.

10.     On April 6, 2023, Separate Defendant Tekillia Hammond was served with Summons, Complaint for Declaratory Judgment, and Notice, Consent, and Reference of a Civil Action to A Magistrate Judge via Coahoma County Sheriff. *See* Doc. 7.

11.     That Hammond failed to plead or otherwise defend the Complaint in any respect.

12.     That Separate Defendants LeCeedric Hunter and Delane Devon Bedford were served with Summons, Complaint for Declaratory Judgment, and Notice, Consent, and Reference of a Civil Action to A Magistrate Judge via Warning Order. *See* Doc. 19.

13.     On October 9, 2023, the Warning Orders against Separate Defendants LeCeedric Hunter and Delane Devon Bedford were sent to their last known addresses via certified mail restricted delivery. *See* Doc. 19.

14.     That Hunter and Bedford failed to plead or otherwise defend the Complaint in any respect.

15.     In addition to the fact that each Defendant has been properly served and none having answered the Complaint for Declaratory Judgment, served a responsive pleading or motion to dismiss, or otherwise entered an appearance, that neither has any Defendant requested an extension to respond or appear in this matter; and that none of the Defendants named and served herein are infants, incompetent, or in the active military service.

16.     Plaintiff adopts and incorporates by reference its Affidavit in Support of Default (Doc. 20) and Motion for Entry of Clerk's Default (Doc. 21) pursuant to Fed. R. Civ. P. 10(c).

17.     The Clerk entered Defaults against all Defendants on November 30, 2023. Docs. 22, 23, 24, 25, 26, and 27.

18.     Pursuant to Fed. R. Civ. P. 55(b)(2), Plaintiff petitions the Court for default judgment and the declaratory relief sought in the Complaint that it owes no duty to defend or any coverage obligations to the Defendants in connection with the motor vehicle accident and any current or future actions arising therefrom.

19.     Therefore, the Plaintiff United Security Health and Casualty Insurance Company, respectfully moves for default judgment against all Defendants and asks the Cout to enter declaratory judgment in its favor against the Defendants pursuant to Fed. R. Civ. P. 55 and 57.

20.     A Brief in Support is filed contemporaneously herewith.

WHEREFORE, premises considered, the Plaintiff United Security Health and Casualty Insurance Company, prays that its Motion for Default Judgment against all Defendants be granted, and for the declaratory relief in its favor as follows:

a.  For a judicial determination that the policy at issue does not apply to the underlying accident, claims, and any current or future state court action arising out of the aforementioned accident;

b.  For a judicial determination that there is no coverage under the aforementioned policy for any damages sustained by and alleged against any party, including any Defendant in the case at bar, arising out of the motor vehicle accident on September 18, 2020, involving the insured vehicle and Hunter, Miller, Tilson, Beford, and Otey;

c.  For a judicial determination that there is no duty on the part of the Plaintiff to defend or indemnify any of the Defendants herein, including any claim or suit filed by or against them to date or which may be filed by or against them in the future, nor a duty to pay any settlement reached or Judgment obtained in any court action; and

d.  For all other just and proper relief to which the Court deems appropriate.

Respectfully submitted,

Matthews, Sanders & Sayes, P.A.
825 West Third Street
Little Rock, AR 72201
PH 501-378-0717 | FX 501-375-2924
msayes@msslawfirm.com
jsayes@msslawfirm.com

By:  *James T. Sayes*
    MEL SAYES ABN 77120
    JAMES T. SAYES ABN 2011191
    *Attorneys for Plaintiff United Security Health*
    *and Casualty Insurance Company*